UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Howard Eric Jackson,                                     Case No. 4:20-cv-533

           Petitioner

v.                                                            MEMORANDUM OPINION
                                                                    AND ORDER

United States of America,

           Respondent

### INTRODUCTION

*Pro se* Petitioner Howard Eric Jackson filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner is a federal prisoner in custody at FCI Elkton. He was convicted in the United States District Court, Eastern District of Michigan – Case No. 2:14cr20449 ("Criminal Case") – of drug related crimes in violation of 21 U.S.C. §§ 841 and 846. (*Id.* at 2). In his petition, Jackson claims that he is innocent of being a felon-in-possession of a firearm in relation to his drug trafficking conviction, which resulted in a two-point sentencing enhancement. (*Id.* at 5).

For the reasons that follow, I deny and dismiss the petition.

### BACKGROUND

The petition itself provides little detail about the Criminal Case. According to the public docket in the Criminal Case,[1] Jackson was sentenced for his drug trafficking convictions on July 19,

---

[1] "[T]he Court may take judicial notice of the public dockets and opinions issued by other courts." *Bush v. Struthers Ohio Police Dep't*, No. 4:19-CV-768, 2019 WL 6914673, at *1 (N.D. Ohio Dec. 18, 2019) (citing *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) ("Federal courts may take judicial notice of proceedings in other courts of record.")).

2016, and on June 2, 2017, Jackson filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel at his sentencing hearing. (Criminal Case, Doc. 114). After briefing, Jackson's § 2255 motion was denied. (*Id.*, Doc. 137). Jackson then wrote the judicial officer in the Criminal Case asking for a reduced sentence, which was denied. (*Id.*, Doc. 142, 143). He also moved for a retroactive application of the sentencing guidelines, which was denied. (*Id.*, Doc. 144, 148).

Relevant to the instant action is the § 2241 petition that Jackson filed in the Criminal Case on February 14, 2020, to reduce his two-point sentencing enhancement. In that petition, as in the instant petition, Jackson challenges the finding that he was a felon-in-possession of a firearm, resulting in an enhanced sentence. (*Id.*, Doc. 152). While his § 2241 petition in the Criminal Case was pending, Jackson filed the instant § 2241 petition. On March 16, 2020, the judicial officer in the Criminal Case denied Jackson's § 2241 motion on the grounds that he failed to satisfy the criteria established by *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016), in order to petition a misapplied sentence under § 2241. (*Id.*, Doc. 153).

## STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White,* 660 F.3d 242, 249 (6th Cir. 2011) (quoting § 2241(c)).

Because Petitioner is appearing *pro se,* the petition is held to a less stringent standard than pleadings prepared by counsel. *Urbina v. Thoms,* 270 F.3d 292, 295 (6th Cir. 2001) (citations omitted). But I may dismiss the petition at any time if I determine the petition, on its face, fails to establish adequate grounds for relief. *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970) (holding

district courts have a duty to "screen out" petitions lacking merit on their face under § 2243) (citations omitted).

## ANALYSIS

There are multiple reasons this petition is subject to denial and dismissal. First, the petition before me is essentially the same as the § 2241 petition that was pending in the Criminal Case at the time the instant petition was filed, and I have the inherent power to dismiss an action that is duplicative of another action pending in federal court. *See Davis v. U.S. Parole Comm'n*, 870 F.2d 657 (6th Cir. 1989); *Abdel-Bachir v. U.S. Attorney Gen.*, No. 1:17-CV-642, 2017 WL 8219530, at *1–2 (S.D. Ohio Oct. 24, 2017) (collecting cases), *report and recommendation adopted,* No. 1:17CV642, 2018 WL 1256366 (S.D. Ohio Mar. 12, 2018).

Second, the judicial officer in the Criminal Case denied on the merits Jackson's § 2241 petition, which concerned the same issues raised before me in the instant § 2241 petition. That decision bars re-litigation of the same issues before me in the instant petition, both on grounds of res judicata and abuse of writ. *See Fletcher v. Quintana*, No. CIV.A. 5:13-216-KKC, 2013 WL 6229380, at *3 (E.D. Ky. Dec. 2, 2013) ("Because Fletcher, in his First § 2241 Petition, unsuccessfully challenged the BOP's decision not to follow the sentencing court's recommendation that he receive credit on his federal sentence for time served since his arrest on October 21, 2003, the Court will not address the merits of the identical claim which he now presents in this proceeding. The Court will deny Fletcher's current § 2241 petition as an abuse of the writ and dismiss this proceeding with prejudice.") (citing *Dietz v. U.S. Parole Comm'n,* 260 F. App'x 763, 766 (6th Cir. 2008); *Rosales–Garcia v. Holland,* 322 F.3d 386, 398-99 n. 11 (6th Cir. 2003)); *Coles v. Williams*, No. 4:17CV0086, 2019 WL 3891677, at *6 (N.D. Ohio Aug. 19, 2019) (finding that § 2241 petition barred by claim preclusion) (*Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *see also Murillo v. Walton*, No. 12-13705, 2012 WL 5379158, at *4 (E.D. Mich. Oct. 31, 2012) (citing

*Lanthron v. United States*, 3 F. App'x 490, 491 (6th Cir. 2001) and *Smith v. Reno*, 3 F. App'x 403 (6th Cir. 2001)).

Finally, to the extent that Jackson's petition is not subject to dismissal as duplicative or barred by the doctrines of abuse of writ or res judicata, or both, I dismiss the petition on the merits. Jackson's petition challenges the constitutionality of his sentencing enhancement as a career criminal. Generally, a federal prisoner may use § 2241 only to challenge the execution of his sentence, not the validity of the sentence itself. *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991)). If he desires to challenge his conviction or the imposition of his sentence, he must do so under 28 U.S.C. § 2255. *Id.*; *Cohen v. United States,* 593 F.2d 766, 770 (6th Cir. 1979). Sections 2241 and 2255 are not interchangeable, and the remedy offered under § 2241 is not an additional, alternative, or supplemental remedy to the remedy available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001) (citing *Charles v. Chandler,* 180 F.3d 753, 756-58 (6th Cir. 1999)).

That said, § 2255(e) contains a "savings clause" provision which permits a federal prisoner to challenge his conviction or the imposition of his sentence under § 2241 if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *In re Hanserd,* 123 F.3d 922, 929-30 (6th Cir. 1997) (citations omitted). Relief under § 2255 is not inadequate or ineffective merely because a petitioner has already been denied relief under that provision, is procedurally barred from pursuing relief under § 2255, or has been denied permission to file a second or successive petition. *Wooten v. Cauley,* 677 F.3d 303, 307 (6th Cir. 2012) (citations omitted).

Jackson claims that, under *United States v. Davis*, he is actually innocent of being a felon-in-possession and, therefore, should not have been branded as a career criminal and received an enhanced sentence. (*See* Doc. 1 at 2). Until recently, the Sixth Circuit held that claims involving actual innocence of a sentencing enhancement could not be raised under § 2241. But in *Hill v.*

4

*Masters,* 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit authorized a narrow exception, permitting a § 2241 challenge to a sentencing enhancement if petitioner can show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595. The Sixth Circuit cautioned, however, that this exception applies only to a "narrow subset" of petitions:

> [W]e reiterate that our decision addresses only a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Jackson's § 2241 petition does not fall within the "narrow subset" of petitions that may satisfy the Sixth Circuit's savings clause test to challenge his sentencing enhancement because he was sentenced in 2016 – after *Booker* was decided in 2005. *See Burgess v. Merlack*, 2018 WL 5778364, at *1 (6th Cir. 2018) ("*Hill* is inapplicable to this case because Burgess was sentenced in 2012, after [*Booker* when] the guidelines became advisory.") (citation omitted). The erroneous application of a career offender enhancement under advisory sentencing guidelines – that is, after *Booker* – is not itself a fundamental defect or miscarriage of justice. *Shelton v. Barnhart*, 2019 WL 508069, at *2 (E.D. Ky. 2019) (citing *Snider v. United States*, 908 F.3d 183, 189-92 (6th Cir. 2018)). "Under *Hill*, [Petitioner's] post-*Booker* sentencing independently precludes—regardless of any other issue—the availability of § 2241 relief[.]" *Id.* (citing *Hill*, 836 F.3d at 599-600 (limiting application of decision to, *inter alia*, "prisoners who were sentenced under the mandatory guidelines regime pre-[*Booker*]") and collecting cases); *see also Anderson v. Ormond*, 352 F. Supp. 3d 767, 772 (E.D. Ky. 2018) ("Anderson was sentenced in 2008, three years after *Booker* was decided, at a time when the Sentencing Guidelines were advisory rather than mandatory. He therefore fails to satisfy at least one of the requirements

set forth in *Hill*, rendering his challenge to the enhancement of his sentence not cognizable in this § 2241 proceeding."), *appeal dismissed,* 2019 WL 1503055 (6th Cir. 2019).

Accordingly, Jackson's challenge to his sentencing enhancement fails to satisfy *Hill's* narrow savings clause exception, and the petition is not cognizable under § 2241.

## CONCLUSION

For all the foregoing reasons, I deny and dismiss the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge